IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MAUNA KEA BEACH HOTEL CORPORATION and HAPUNA BEACH PRINCE HOTEL CORPORATION, | ) ) ) ) | CV. NO. 07-00605 DAE-KSC |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| AFFILIATED FM INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER AFFIRMING IN PART AND VACATING IN PART
MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION OF ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

Pursuant to Local Rule 7.2(e), this Court finds this matter suitable for

disposition without a hearing.  After reviewing the supporting and opposing

memoranda, this Court AFFIRMS IN PART AND VACATES IN PART the

Magistrate Judge's decision.  The Magistrate Judge's limitation on Interrogatories

2 and 4 is affirmed.  The Magistrate Judge's decision that Defendant's handling of

other claims and lawsuits outside of Hawaii is relevant to establish a bad faith

claim is vacated.  The Magistrate Judge's time limitation on Document Requests

15 through 17 is affirmed and this Court further limits those requests to claims arising in Hawaii.

## BACKGROUND

On October 15, 2006, two earthquakes with a magnitude of Mw 6.7 and Mw 6.0 struck just off the coast of the island of Hawaii.  The epicenter of the earthquakes was approximately 11 miles from the location of the Mauna Kea Beach Hotel and Hapuna Beach Prince Hotel (the "Hotels").  It is undisputed that both Hotels suffered damages from the earthquakes.  What is disputed is the amount of loss suffered as a result of the earthquakes.

At the time of the earthquakes, the Hotels were insured by four policies, which were triggered by differing amounts of damage, and which were in excess of each other.  The four policies were as follows:

(1) Mt. Hawley Insurance Company - $5 million;
(2) Westchester Surplus Lines Ins. Co. - $5 million in coverage for damages in excess of $5 million;
(3) Landmark American Ins. Co. - $20 million in coverage for damages in excess of $10 million; and
(4) Defendant Affiliate FM Ins. Co. - $20 million in coverage for damages in excess of $30 million.

The Hotels claimed that they suffered more than $100 million in damages from the earthquakes, and submitted their claim for damages to each insurance company.  The first three insurance companies paid the claim.

2

Defendant Affiliate FM Insurance Company's ("Defendant"), however, has not paid the claim and believes that the damages do not meet the threshold of $30 million to trigger its insurance policy.

On April 25, 2008, Plaintiff Mauna Kea Resort, LLC filed its first amended complaint.  (Doc. # 49.)  Plaintiff has brought claims of bad faith (Count 1), breach of contract (Count 2), and unjust enrichment (Count 3).  The bad faith claim is based upon Defendant's handling of Plaintiff's insurance claim and its failure to provide coverage.

Plaintiff served Defendant with discovery requests.  The particular interrogatories at issue are numbered 2 and 4.  Interrogatory No. 2 sought identification of all claims made in the last 10 years pursuant to a policy, which contained certain forms or endorsements.  Interrogatory No. 4 sought the identification of all lawsuits which relate to any of the forms or endorsements identified previously.  Document production requests numbered 15, 16, and 17, sought claim files for every claim Defendant denied or paid, in whole or part, which involved any of the forms or endorsements during the five years proceeding the issuance of the policy in this case to the present, or involved a claim of bad

faith against Defendant in the last five years.[1]  Defendant objected, and Plaintiff

filed a motion to compel.

On March 3, 2009, the Magistrate Judge granted in part and denied in

part Plaintiff's motion to compel (the "Order").  (Doc. # 134.)  The Magistrate

Judge held that a pattern of violations of Hawaii Revised Statute § 431:13-

103(a)(11) could be evidence of bad faith.  Thus, the Magistrate Judge found that

Defendant's handling of other insurance claims was relevant to the instant action.

However, the Magistrate Judge also found that the Discovery

Requests may be unduly burdensome.  The Magistrate Judge thus limited

Plaintiff's Interrogatories No. 2 and 4 to lawsuits and claims filed between 2006

and the present that involve selected policy provisions.  The Magistrate Judge also

imposed a time restriction on Plaintiff's requests for production of documents Nos.

15 through 17 to claim files and bad faith claims made between 2003 and present

involving the same provisions.

Defendant sought reconsideration of the Order, arguing that after

reviewing its files, the discovery requests as limited by the Order still encompassed

thousands of claim files, which would take hundreds, if not thousands of hours to

---

[1]  Interrogatories numbered 2 and 4 and document production requests
numbered 15, 16, and 17 are referred to collectively herein as "Discovery
Requests."

review.  On March 30, 2009, the Magistrate Judge denied Defendant's motion for reconsideration.  (Doc. # 151.)  The Magistrate Judge stated that Defendant "is not excused from responding to these requests merely because doing so would require expenditure of time and money.  The restrictions imposed by the Order were intended to lessen [Defendant's] burden, not eliminate it.  The Court is satisfied that its Order has accomplished this goal."  (Order at 4.)  The Magistrate Judge also held that Defendant was only rehashing its argument regarding whether case law allows a pattern of violations of Hawaii Revised Statutes section 431:13-103(a)(11) as evidence of bad faith.

Defendant filed the instant appeal on April 9, 2009.  (Doc. # 153.) Defendant asserts that the Magistrate Judge's ruling was clearly erroneous and contrary to law: 1) with its finding that the Discovery Requests, as limited by the Order, did not impose and unreasonable and undue burden on Defendant; and 2) with respect to the conclusion that a pattern of violations can constitute evidence of bad faith.   Plaintiff filed an opposition on April 20, 2009.

<u>STANDARD OF REVIEW</u>

A party may appeal any pretrial, nondispositive matter determined by a Magistrate Judge.  Fed. R. Civ. P. 72(a); LR 74.1.  A district court "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or

contrary to law." LR 74.1; 28 U.S.C. §636(b)(1)(A); see Osband v. Woodford, 290 F.3d 1036, 1041(9th Cir. 2002).

The "clearly erroneous" standard applies to the Magistrate Judge's factual findings while the "contrary to law" standard applies to the Magistrate Judge's legal conclusions. Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991). A factual finding is clearly erroneous if the reviewing court is left with "a definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241.

Under the contrary to law standard, the Court conducts a *de novo* review of the Magistrate Judge's legal conclusions. Id. "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Conant v. McCoffey, No. C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. March 16, 1998) (citing Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989) ).

## DISCUSSION

Defendant claims that even with the Discovery Requests limited by the Order, it would still be required to review 11,707 claim files, each of which

potentially contains tens of thousands of pages, including many attorney-client privileged communications.  Defendant argues that the Magistrate Judge's refusal to reconsider the Order was error because the scope of discovery is still unduly burdensome.  Defendant contends that it has no means of searching its database of files electronically.  Defendant suggests that it be required to produce only claims regarding either Hawaii or earthquake losses.

Defendant also argues that it was manifest error of law for the Magistrate Judge to conclude that a pattern of violations of Hawaii Revised Statute § 431:13-103(a)(11) is relevant and discoverable evidence of bad faith and that Plaintiff may seek discovery of claims handled by Defendant in other states and regarding non-earthquake perils.

Plaintiff asserts that the Order effectively lessened Defendant's burden by limiting the time frame of Interrogatories 2 and 4 from ten years and 1998 to claims from 2006 to present.  At the time of the motion to compel, Defendant estimated that there were 20,000 claim files since 1998.  Whereas now by Defendant's own estimate, there are only 11,707 claim files to be reviewed. Plaintiff also argues that Defendant has failed to present specific evidence establishing that a review of 11,000 plus files would take hundreds, or thousands of hours.  Plaintiff further asserts that the cases relied upon by Defendant to prove an

undue burden involved situations where the insurer had to search far more claim files than the number at issue in this case.  Plaintiff argues that Defendant's inability to conduct an electronic search for records does not excuse it from complying with the Order.

Plaintiff also contends that because Defendant filed a motion for reconsideration, the issue is whether Magistrate Judge Chang erred in determining that Defendant was merely rehashing its previous argument, which was not an adequate basis for reconsideration.  Plaintiff also argues that Defendant's arguments fail on the merits.  Finally, Plaintiff avers that it makes no sense to limit discovery to claims regarding either Hawaii or earthquake loss because claims beyond those are relevant to whether Defendant has engaged in a pattern of bad faith as part of a regular business practice.

Here, Defendant cannot be punished for filing a reconsideration motion by imposing a different standard of review or posing a different question on appeal.  The fact that Defendant filed a motion for reconsideration does not change the issues on appeal, which are --whether it was contrary to law to hold that any bad faith claims made between 2003 and present are relevant to the instant case, and whether it was clearly erroneous to find that Discovery Requests, as limited,

8

did not place an undue burden on Defendant.  Accordingly, these are the issues this Court will now consider.

First, as correctly recognized by Magistrate Judge Chang, Hawaii recognizes a claim for bad faith in the insurance context.  See Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 346 (Haw. 1996) ("there is a legal duty, implied in a first-and third-party insurance contract, that the insurer must act in good faith in dealing with its insured, and a breach of that duty of good faith gives rise to an independent tort cause of action").  Bad faith claims "will lie . . . when an insurance company unreasonably handles or denies payment of a claim." Francis v. Lee Enters., Inc., 971 P.2d 707, 711 (Haw. 1999).  Bad faith claims will also lie "based on an [insurer's] unreasonable interpretation of its policy." Guajardo v. AIG Haw. Ins. Co., Inc., 187 P.3d 580, 588 (Haw. 2008).

Hawaii Revised Statute section 431:13-103 pertains to unfair methods of competition and unfair or deceptive acts or practices in the business of insurance and lists certain conduct that qualifies as unfair or deceptive acts, some of which are similar to the type of conduct that could establish a bad faith claim.  See Haw. Rev. Stat. § 431:13-103(a)(11).  The statute allows claims for unfair acts where an insurance company engages in "committing or performing" various acts "with such frequency as to indicate a general business practice . . ."  Haw. Rev. Stat. § 431:13-

9

103(a)(11).  A claim for a violation of Hawaii Revised Statute section 431:13-103, however, may only be brought by the insurance commissioner.  Haw. Rev. Stat. § 431:13-107.  There is no private right of action for a violation of Hawaii Revised Statute section 431:13-103.  Best Place, 920 P.2d at 340 ("Article 13 of the Hawai'i Insurance Code does not authorize a private cause of action pursuant to its administrative remedies").

That said, this Court has previously recognized that although section 431:13-103 does not provide a private right of action, "violations of the unfair settlement provision, § 431:13-103(a), may be used as evidence to indicate bad faith in accordance with the guidelines of Best Place."  Wailua Assocs. v. Aetna Cas. & Sur. Co., 27 F. Supp. 2d 1211, 1221 (D. Haw. 1998).  In Wailua, Judge Kay also noted that

> the Intermediate Court of Appeals ("ICA") of the State of Hawaii in Christiansen v. First Ins. Co. of Hawaii, 88 Hawai'i. 442, 967 P.2d 639 (1998), tacitly approves the submission of violations of the unfair settlement practices statute as evidence of bad faith. The ICA stated that allegations referring to prompt investigation, negligent investigation, failure to promptly pay a determined claim, failure to effectuate prompt settlement, compelling the initiation of litigation, etc. "on their face, meet the Best Place test for bringing an action in bad faith. .  .."

Id. at 1221 n.6 (citation omitted).  In addition, in 2006, the ICA cited to Wailua in a footnote noting that this Court "has indicated that violations of HRS § 431:13-103 may nevertheless be used as evidence of insurer bad faith."  Wittig v. Allianz, A.G., 145 P.3d 738, 749 n.5 (Haw. App. 2006).  The ICA found in that case that the insured could not establish her bad faith claim based upon an alleged failure to comply with Hawaii Revised Statute section 431:13-103(a)(11)(B) because "[t]he evidence . . . was insufficient to show that [the insurer] failed to respond to communications 'with such frequency as to indicate a general business practice' under HRS § 431:13-103(a)(11)(B)."  Id. at 750.

Considering the state of the law in Hawaii and applying a de novo review, this Court agrees with Defendant that because it is a pattern of violations of a Hawaii statute that can demonstrate bad faith under Hawaii law, evidence of an insurer's handling of claims in other states is irrelevant.  In other words, the fact that there could be evidence that Defendant engaged in bad faith based upon violations of a state statute in a different state with a different insured and possibly different standards, is not relevant to the determination of whether Defendant has engaged in bad faith with respect to its handling of Plaintiff's particular insurance claim or whether it engaged in bad faith through a pattern of violating Hawaii Revised Statute § 431:13-103(a).  There is no indication that Hawaii has

recognized a claim for bad faith by an insured not based upon the insurer's actions related to the specific insured, but instead based upon an insurer's conduct with respect to other insureds for claims in other states. Plaintiff has not shown that bad faith claims outside of Hawaii have any bearing on a bad faith claim based upon a violation of Hawaii Revised Statute § 431:13-103(a). For these reasons, rather than only limiting discovery of bad faith claims by year, requests for the production of documents No 15 through 17 are hereby limited to claims arising in Hawaii between 2003 and the present that involve any of the Provisions listed in the Order.

Defendant's other argument that the Magistrate Judge's limitation by year of Interrogatories 2 and 4 did not effectively lessen the undue burden fails. It was not clearly erroneous for the Magistrate Judge to find that limiting these requests to 2006 forward would substantially lessen the burden. Indeed, his ruling did cut down the number of claim files to be reviewed by Defendant by at least fifty percent. Moreover, that this Court has now limited the document production requests to claims in Hawaii, Defendant's burden has been substantially reduced.

Finally, Defendant's request that the Discovery Requests be limited to earthquake related claims fails. Defendant has not established that its handling of insurance claims that occurred from other perils is irrelevant to its handling of the

12

instant claim. For these reasons, the Magistrate Judge's limitation on interrogatories numbered 2 and 4 to lawsuits and claims filed between 2006 and the present that involve any of the forms and endorsements listed in the Order stands.

<u>CONCLUSION</u>

For the reasons stated above, the Court AFFIRMS IN PART AND VACATES IN PART the Magistrate Judge's Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 1, 2009.



_____
David Alan Ezra
United States District Judge

<u>Mauna Kea Beach Hotel, et. al. v. Affiliated FM Insurance Co.</u>, CV No. 07-00605 DAE-KSC; ORDER AFFIRMING IN PART AND VACATING IN PART MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

13